IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE AMMONS,<br><br>    Defendant.<br>_____/ | No. CR 06-216 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE |

    Defendant Lawrence Ammons moves to suppress the fruits of his February 4, 2006 arrest and search of his person. The government opposes the motion. Having considered the papers filed by the parties, the Court denies the motion to suppress.

    Defendant relies upon <u>Florida v. J.L.</u>, 529 U.S. 266, 268 (2000), where the Supreme Court held that "an anonymous tip that a person is carrying a gun is, without more," not sufficient to justify a stop under <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1968). Here, however, the Court finds that the anonymous tip on which the police relied did possess the "moderate indicia of reliability" needed to justify a <u>Terry</u> stop. Unlike in <u>J.L.</u>, the informant explained that he or she knew about the gun because Defendant was allegedly waving

it around.  Cf. J.L., 529 U.S. at 271 (noting that informant "neither explained how he knew about the gun nor supplied any basis for believing he had inside information about J.L."). In addition, the government has submitted a sworn declaration of Officer Raymond Thomas, one of the officers who reported to the scene, who states that he could smell alcohol on Defendant's breath, and his eyes appeared bloodshot and watery.  Officer Thomas' observations verified one of the circumstances predicted by the anonymous caller, that Defendant seemed to be drunk.

Therefore, Defendant's motion to suppress the fruits of the February 4, 2006 arrest and pat-down search is DENIED (Docket No. 7).

IT IS SO ORDERED.

Dated: 8/24/06

CLAUDIA WILKEN
United States District Judge